IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAACO ENTERPRISES, INC.** | : | **CIVIL ACTION NO.: 02-3751** |
| 381 Brooks Road | : | |
| King of Prussia, PA 19406 | : | |
| | : | |
| vs. | : | **JURY TRIAL NOT DEMANDED** |
| | : | |
| | : | |
| **CASEY J. FULLER &** | : | |
| **V&F ENTERPRISES, INC.** | : | |
| 2429 Fifth Avenue South | : | |
| Birmingham, AL 35233 | : | |

## MOTION FOR ENTRY OF JUDGMENT BY DEFAULT

Plaintiff Maaco Enterprises, Inc. ("Maaco"), by its undersigned counsel, moves this Court to enter judgment by default against defendants Casey J. Fuller and V&F Enterprises, Inc. ("defendants") on Counts I, II and IV of the Amended Complaint and in support thereof, states as follows:

1. On June 13, 2002, Maaco filed its Complaint against defendants seeking monetary damages, a confession of judgment and an accounting.

2. The Summons and Complaint were served upon defendants on July 8, 2002. True and correct copies of the Returns of Service are attached as Exhibit "A".

3. On August 30, 2002, Maaco filed and served an Amended Complaint on defendants.

4. Defendants failed to answer or otherwise respond to the Amended Complaint within the time prescribed by Fed.R.Civ.P. 12(a)(1)(A). As of the date of filing of this Motion, defendants have not answered or otherwise responded to the Amended Complaint.

5.  This Motion seeks entry of default judgment against defendants on Counts I, II and IV of the Complaint.

6.  The amount due Maaco under Count I of the Amended Complaint is Twenty-Nine Thousand, One Hundred Eighty-Eight Dollars and Ninety-Seven Cents ($29,188.97); the amount due under Count II is Fifty-Four Thousand, Seven Hundred Twenty Dollars and Sixty Four Cents ($54,720.64). The amount due under Count IV is Three Hundred Forty-Five Thousand, Nine Hundred Eighty-Two Dollars and Fifty-Three Cents ($345,982.53). *See* attached Affidavit of Diana Dieciedue. Maaco also seeks attorney's fees and costs in the amount of Four Thousand, Three Hundred Eighty Dollars and Fifteen Cents ($4,380.15).

7.  Maaco withdraws Count III of the Amended Complaint, and accordingly, does not seek the relief set forth in Count III.

WHEREFORE, Plaintiff Maaco Enterprises, Inc. respectfully requests that the Court enter default judgment in its favor and against defendants Casey J. Fuller and V&F Enterprises, Inc. on Counts I, II and IV of the Amended Complaint as set forth in the attached Judgment.

_____
Joseph Schumacher
Kimberly S. Toomey
I.D. Nos. 45726/75198
WIGGIN & DANA LLP
Quaker Park
1001 Hector Street
Conshohocken, PA 19428
(610) 834-2400
Attorneys for Plaintiff, Maaco Enterprises, Inc.

Date:  October 3, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAACO ENTERPRISES, INC.** | : | **CIVIL ACTION NO.: 02-3751** |
| 381 Brooks Road | : | |
| King of Prussia, PA 19406 | : | |
| | : | |
| vs. | : | **JURY TRIAL NOT DEMANDED** |
| | : | |
| | : | |
| **CASEY J. FULLER &** | : | |
| **V&F ENTERPRISES, INC.** | : | |
| 2429 Fifth Avenue South | : | |
| Birmingham, AL 35233 | : | |

### PLAINTIFF'S AFFIDAVIT OF PROOF AND NON-MILITARY SERVICE

I, Diana Dieciedue, state as follows:

1. I am the Vice President of Licensing for plaintiff Maaco Enterprises, Inc., ("Maaco") and as such, I am familiar with the facts of this case.

2. On August 24, 1998, Maaco, Casey J. Fuller ("Fuller") entered into a Maaco Auto Painting & Bodyworks Franchise Agreement (the "Franchise Agreement"), under which Fuller was granted the right and undertook the obligation to operate a Maaco Auto Painting and Bodyworks Center at 2429 Fifth Avenue South, Birmingham, AL (the "Center").

3. On March 21, 2002, Maaco, Fuller and V&F Enterprises, Inc. ("V&F") entered into an Assignment and Assumption Agreement (the "Assignment"). The Assignment was entered into by Maaco at Fuller's request so that Fuller could operate his Maaco Center through V&F. Under the Assignment, Fuller transferred his rights in the Franchise Agreement to V&F, and V&F assumed all of Fuller's obligations under the Franchise Agreement. Fuller, however, agreed to

continue to be bound by the provisions of the Franchise Agreement and agreed to guarantee all of V&F's obligations under the Franchise Agreement.

4. Under the terms of the Franchise Agreement, defendants were required, among other things: (a) to pay to Maaco a weekly royalty fee equal to a percentage of the gross receipts generated by the Center; (b) to submit weekly reports to Maaco of the gross receipts generated by the Center; and (c) to pay to Maaco an advertising contribution for use in an advertising fund, all as set forth more fully in the Franchise Agreement.

5. By virtue of the franchise relationship, defendants also agreed to pay Maaco for paint and supplies purchased from Maaco by defendants.

6. Under paragraph 24.E of the Franchise Agreement, defendants agreed that if Maaco instituted an action at law or in equity against defendants to enforce the terms of the Franchise Agreement, Maaco would be entitled to recover, in addition to any judgment, reasonable attorney's fees, court costs and litigation expenses.

7. After defendants entered into the Franchise Agreement with Maaco, defendants failed to meet their obligations under the Franchise Agreement.

8. As of July 22, 2002, defendants have failed to pay to Maaco $83,909.61, including: (a) $12,018.08 in known royalty fees; (b) $15,882.00 for advertising expenditures; and (c) $1,288.89 for paint and supplies.

9. By failing to pay amounts due under the Franchise Agreement as set forth above, defendants have committed a material breach of the Franchise Agreement.

10. As the result of such breach, Maaco terminated the Franchise Agreement by Notice of Termination dated July 9, 2002.

11. Under the terms of the Franchise Agreement, Maaco had anticipated receiving continuing revenue from defendants' royalty payments until August 24, 2013.

12. Defendants' breach of the Franchise Agreement has damaged Maaco in that Maaco no longer has the potential to receive future royalties and payments for the remaining unfulfilled term of the Franchise Agreement.

13. Based on the reported sales of defendants over the last two years, Maaco estimates that defendant would have paid Maaco approximately $694,301.00 in royalty fees over the next 13 years.

14. In the interest of fairness, Maaco also estimates it spends approximately $9,450.00 per year in supporting each Center in the Maaco franchise system.

15. Deducting this amount for each year remaining under the Franchise Agreement term, Maaco estimates its net annual fees from defendants over the next 13 years at $589,122.03.

16. Using a factor of 10%, Maaco has reduced this amount to its net present value and seeks $345,982.53 from defendants for the lost royalty stream Maaco would have received but for defendants' breach of their Franchise Agreement obligations.

17. A copy of Maaco's calculation of defendants' estimated fees is attached as Exhibit "1."

18. To the best of my knowledge, defendant Casey J. Fuller is not in the military or naval service of the United States or its allies, or otherwise within the provisions of the Soldiers and Sailors Relief Act of 1940, as amended.

19. To the best of my knowledge, defendant Casey J. Fuller is not an infant or incompetent person.

I certify under penalty of perjury that the foregoing is true and correct.

                                                                                    _____
                                                                                     Diana Dieciedue

Sworn and subscribed to before me
this \_\_\_ day of _____, 2001

_____
Notary Public

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MAACO ENTERPRISES, INC.** | : | **CIVIL ACTION NO.: 02-3751** |
| 381 Brooks Road | : | |
| King of Prussia, PA 19406 | : | |
| | : | |
| vs. | : | **JURY TRIAL NOT DEMANDED** |
| | : | |
| | : | |
| **CASEY J. FULLER &** | : | |
| **V&F ENTERPRISES, INC.** | : | |
| 2429 Fifth Avenue South | : | |
| Birmingham, AL 35233 | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR ENTRY OF JUDGMENT BY DEFAULT**

Pursuant to Fed. R. Civ. P. 8(d), "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading." Accordingly, when defendants Casey J. Fuller and V&F Enterprises, Inc. failed to answer or otherwise respond to plaintiff Maaco Enterprises, Inc.'s Amended Complaint, it effectively admitted all the allegations contained therein. Moreover, Fed. R. Civ. P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Once a default has been entered, under Fed. R. Civ. P. 55(b), the clerk may enter a judgment for the amount of plaintiff's claim when the claim is for a sum certain. Fed. R. Civ. P. 55(b)(1). In all other cases, where the relief sought is not a sum certain, the Court may enter such judgment and in doing so, may conduct a hearing to determine the amount of damages, to take an account or to establish the truth of any averment by evidence.

In this case, because defendant has not answered the complaint, it has admitted the allegations set forth in the Amended Complaint under Fed. R. Civ. P. 8.  As a result, under Fed. R. Civ. P. 55, default judgment against defendants on Counts I, II and IV of the Amended Complaint is appropriate.

WHEREFORE, Plaintiff Maaco Enterprises, Inc. respectfully requests that the Court enter default judgment in its favor and against defendants Casey J. Fuller and V&F Enterprises, Inc. on Counts I, II and IV of the Amended Complaint as set forth in the attached Judgment.

                                                _____

Joseph Schumacher
Kimberly S. Toomey
I.D. Nos. 45726/75198
WIGGIN & DANA LLP
Quaker Park
1001 Hector Street
Conshohocken, PA 19428
(610) 834-2400
Attorneys for Plaintiff, Maaco Enterprises, Inc.

Date:  October 3, 2002

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MAACO ENTERPRISES, INC.** : **CIVIL ACTION NO.: 02-3751**
**381 Brooks Road** :
**King of Prussia, PA 19406** :
: 
vs. : **JURY TRIAL NOT DEMANDED**
:
:
**CASEY J. FULLER &** :
**V&F ENTERPRISES, INC.** :
**2429 Fifth Avenue South** :
**Birmingham, AL 35233** : | |

### JUDGMENT

AND NOW, this ____ day of _____, 2002, defendants Casey J. Fuller and V&F Enterprises, Inc., having failed to answer or otherwise respond to the Amended Complaint within the time prescribed by Fed.R.Civ.P. 12(a)(1)(A), it is

ORDERED that judgment is entered in favor of plaintiff Maaco Enterprises, Inc. and against defendants Casey J. Fuller and V&F Enterprises, Inc. on Counts I, II and IV of the Amended Complaint, in the amount of Four Hundred Thirty-Four Thousand, Two Hundred Seventy-Two Dollars and Twenty Nine Cents ($434,272.29), including (1) $29,188.97 under Count I of the Amended Complaint for amounts due Maaco under the Franchise Agreement; (2) $54,720.64 under Count II of the Amended Complaint for amounts due Maaco under the Amended Demand Note;

(3) $345,982.53 under Count IV of the Amended Complaint for lost future royalties; and (4) $4,380.15 for attorney's fees and costs incurred by Maaco in enforcing its rights under the Franchise Agreement.

BY THE COURT:

_____
Honorable J. Curtis Joyner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAACO ENTERPRISES, INC.** | : | **CIVIL ACTION NO.: 02-3751** |
| 381 Brooks Road | : | |
| King of Prussia, PA 19406 | : | |
| | : | |
| vs. | : | **JURY TRIAL NOT DEMANDED** |
| | : | |
| | : | |
| **CASEY J. FULLER &** | : | CERTIFICATION OF PLAINTIFF'S |
| **V&F ENTERPRISES, INC.** | : | COUNSEL REGARDING COSTS |
| 2429 Fifth Avenue South | : | AND ATTORNEY'S FEES |
| Birmingham, AL 35233 | : | |

Kimberly S. Toomey, states as follows:

1. I am an associate with the firm Wiggin & Dana LLP, counsel for plaintiff in this matter. As such, I am familiar with the facts set forth in this Certification.

2. The fees charged to plaintiff are fair and reasonable for the type and complexity of the work performed, and are customary fees for similar work performed by attorneys in this geographic area.

3. I have reviewed our invoices in connection with this Certification. As of the date of this Certification, plaintiff has incurred a total of Four Thousand One Hundred Eighteen Dollars and Fifty Cents ($4,118.50) in attorneys' fees ($4,380.15) and costs ($261.65) in connection with this matter.

I certify under penalty of perjury that the foregoing is true and correct.

                                                                          _____
                                                                          Kimberly S. Toomey

Dated: October 3, 2002

# **CERTIFICATE OF SERVICE**

I, Kimberly S. Toomey, certify that I have this day served a true and correct copy of the below described pleading or motion upon defendants at the addresses listed below:

| | |
|---|---|
| Pleading or Motion served: | Request for Default Pursuant to Fed.R.Civ.P. 55(a); Motion for Entry of Judgment; Proposed Order; Plaintiff's Declaration in Support of Request for Default; Certification of Attorneys' Fees; Plaintiff's Affidavit of Proof |
| Defendant: | Casey J. Fuller and V&F Enterprises, Inc. 1934 Church Street West Palm Beach, FL 33409 |
| Mode of Service: | Via first class mail |

_____
Kimberly S. Toomey

Date:  October 3, 2002